IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEO JACKSON, #214719, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
|     v. | )   CIVIL ACTION NO. 2:02-CV-1306-T |
| | ) |
| GRANT CULLIVER, *et al.*, | ) |
| | ) |
|     Respondents. | ) |

**<u>RECOMMENDATION OF THE MAGISTRATE JUDGE</u>**

**I. Introduction and Procedural History**

Leo Jackson ("Jackson"), a state inmate, filed this 28 U.S.C. § 2254 petition for habeas corpus relief on November 20, 2002, challenging a murder conviction imposed upon him by the Circuit Court of Houston County, Alabama on November 16, 2000. The trial court sentenced Baker as a habitual felony offender to life imprisonment without parole for this conviction.

Jackson filed a direct appeal of his murder conviction in which he raised the following claims for relief: (i) the trial court improperly admitted portions of a witness's deposition; (ii) the trial court erroneously denied his request to release a written reprimand contained in the personnel file of an investigating officer and erred in its refusal to permit petitioner's use of the reprimand for impeachment purposes; (iii) the trial court incorrectly denied petitioner's motion for change of venue; and (iv) the trial court erroneously denied his motion to suppress

the murder weapon which was discovered in a neighbor's tree pursuant to a warrantless search. On November 21, 2001, the Alabama Court of Criminal Appeals affirmed Jackson's murder conviction in a memorandum opinion. *See Respondents' Exhibit C - Memorandum Opinion of the Alabama Court of Criminal Appeals*. The relevant portion of this decision reads as follows:

> [With respect to Jackson's challenge to the trial court allowing the State to introduce the deposition of Dr. Lee Hamby, the surgeon who attended the victim on the night of the shooting,] [t]estimony is contained in the record which indicates that Dr. Hamby had permanently left Alabama and was no longer under the subpoena power of the trial court. The trial court found Dr. Hamby to be unavailable and allowed portions of the deposition to be admitted. We find no error in the admission of the deposition.
>
> Next, Jackson argues that the trial court erred when it denied a defense request to release certain documents from the personnel file of investigating officer Richard St. John, which Jackson sought to admit these documents into evidence in an attempt to impugn St. John's character and to impeach his testimony as to truthfulness.
>
> The record tended to show that St. John's personnel file contained a reprimand and suspension from duty, for lying in an application to purchase a weapon restricted to use by police officers. St. John was, in fact, purchasing the weapon for a friend who was not authorized to possess such a weapon. The trial court reviewed the document in camera and denied Jackson's request to admit the document, relying upon [applicable state law]....
>
> * * *
>
> ... In accord with [applicable state law and procedural rules], we hold that the trial court properly refused to allow Jackson to admit this documentary evidence to impeach the credibility of St. John.

Next, Jackson argues that the trial court erred when it denied his frequent requests for a change in venue. His contention was that pretrial publicity had been so great as to taint the jury pool to such a degree that he could not obtain a fair trial....

The record reflects that the trial court, upon denial of Jackson's numerous requests to change venue, stated that it found no actual prejudice to Jackson because only one of the jurors, who admitted exposure to pretrial publicity during voir dire, had been chosen to serve on the jury. The aforementioned juror was not challenged for cause by either party. Because there was no showing of actual or presumed prejudice, the trial court did not abuse its discretion in the denial of Jackson's request for a change of venue....

* * *

Finally, Jackson contends that the trial court should have suppressed the handgun identified as the murder weapon because, he claims, it was the product of a warrantless search. However, the evidence established that the gun was found in a cedar tree on Jackson's next-door neighbor's property, and was not on Jackson's property. Jackson argued to the trial court that because the warrantless search of his property was purportedly illegal, the subsequent search and seizure of the handgun on his neighbor's property was also illegal. Jackson provided no evidence to support his argument. The trial court concluded that, regardless of the merits of Jackson's illegal search claim on his own property, Jackson did not have standing to object to the warrantless search of the property of a third party. We hold that the trial court properly analyzed this claim and we affirm its ruling on this issue.

* * *

... Jackson had no possessory interest in the neighbor's property, no right to exclude others from his neighbor's yard, no subjective expectation that his neighbor's yard would be free of governmental invasion, had not taken normal steps to maintain his privacy and was not on the subject property at the time of the search. Such factors are integral in the determination of whether Jackson has standing to prevail on this claim. This claim is without merit.

For all of the foregoing reasons, this case is due to be affirmed.

3

*Respondents' Exhibit C - Memorandum Opinion of the Alabama Court of Criminal Appeals* at 3-5 (citation omitted).

The petitioner filed an application for rehearing which the appellate court "returned for non compliance with Rule 40, [Alabama Rules of Appellate Procedure]." *Respondents' Exhibit F*.[1] Specifically, the evidentiary materials establish that the Court of Criminal Appeals refused to consider the application for rehearing because Jackson failed to file this application "within the prescribed time..." *Respondents' Exhibit F* at 6 - *Rule 32 Petition* at 4; *Attachment to Rule 32 Petition* at 2. Jackson did not further appeal his murder conviction.

On August 2, 2002, Jackson filed a state post-conviction petition pursuant to Rule 32, Alabama Rules of Criminal Procedure. In this petition, Jackson argued that counsel provided ineffective assistance in failing to timely file an application for rehearing. The Circuit Court of Houston County set a hearing on this petition and ordered that the petitioner be transported to such hearing. *Respondents' Exhibit F* at 2 - *Case Action Summary Sheet on Rule 32 Petition* at 1. "A hearing was held September 27, 2002 at which time the attorneys and their respective clients were present." *Respondents' Exhibit F* at 17 - *October 10, 2002 Order* at 1. After the hearing and upon submission of briefs, the Circuit Court of Houston County summarily denied Jackson's Rule 32 petition. In so doing, the trial court determined that "[a] rehearing before the Court of Criminal Appeals is a discretionary review to which no right

---

[1] The pertinent portion of Rule 40 requires that an "application for rehearing, with the supporting brief, must be filed with the clerk of the court within 14 days (2 weeks) after the rendition of the judgment . . ."

of counsel attaches. Therefore, petitioner's Rule 32 petition is due to be and is hereby denied." *Exhibit F* at 17 - *Order* at 1. Jackson failed to appeal this determination.

Jackson filed this 28 U.S.C. § 2254 petition on November 20, 2002 and subsequently amended the petition. In this federal habeas petition, as amended, Jackson asserts the following claims for relief:

> 1. The admission of Dr. Hamby's deposition violated petitioner's Sixth Amendment right of confrontation when there had been no offer of proof that the State made any attempt to locate the witness.
>
> 2. The trial court committed reversible error in ruling to exclude the personnel records of the case officer and not allowing petitioner use of these records for impeachment purposes.
>
> 3. The trial court committed reversible error by denying the petitioner's request for a change of venue.
>
> 4. The trial court committed reversible error when it denied petitioner's motion to suppress the murder weapon.
>
> 5. Counsel failed to timely file an application for rehearing during direct appeal.
>
> 6. Counsel did not inform petitioner of his right to seek review via an application for rehearing nor did she advise petitioner that such review constituted a prerequisite to federal habeas review.
>
> 7. Counsel deprived petitioner of due process by filing a Rule 32 petition.

5

> 8. Counsel failed to appeal the denial of the Rule 32 petition.
>
> 9. Counsel filed the Rule 32 petition without authorization from the petitioner.
>
> 10. Counsel failed to inform petitioner that a Rule 32 petition had been filed.

In their answers filed with this court, the respondents contend that the claims for federal habeas relief are procedurally defaulted due to Jackson's failure to present these claims to the state courts in accordance with the state's procedural rules. *See Brownlee v. Haley*, 306 F.3d 1043, 1065 (11th Cir. 2002); *Holladay v. Haley*, 209 F.3d 1243, 1254 n. 9 (11th Cir.), *cert denied*, 531 U.S. 1017 (2000); *Collier v. Jones*, 901 F.2d 770, 773 (11th Cir. 1990). Specifically, the respondents maintain that Jackson's substantive claims challenging actions taken by the trial court are procedurally barred from review because he failed to exhaust these claims properly in the state courts during direct appeal with a timely application for rehearing. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999); *Smith v. Jones*, 256 F.3d 1135, 1137 (11th Cir. 2001). Also procedurally defaulted, the respondents argue, is Jackson's claim challenging counsel's failure to file timely an application for rehearing because he did not appeal the denial of his Rule32 petition. Because Jackson never presented to the state courts the remaining claims of ineffective assistance of counsel, the respondents assert that they are likewise barred from review. *See Teague v. Lane*, 489 U.S. 288 (1989); *Bailey v. Nagle*, 172 F.3d 1299, 1303 (11th Cir. 1999).

This court provided Jackson opportunities to file responses to the answers of the respondents and he has done so. Upon review of the § 2254 petition, the answers of the respondents and Jackson's responses to the answers, the court concludes that no evidentiary hearing is required and that the petition is due to be denied in accordance with the provisions of Rule 8(a), *Rules Governing Section 2254 Cases in United States District Courts*.

## II. DISCUSSION

This court may reach the merits of the petitioner's procedurally defaulted claims only if the petitioner shows either (1) cause for the procedural default and actual prejudice arising out of the violation of federal law, *Coleman v. Thompson*, 501 U.S. 722 (1991), or (2) a resulting fundamental miscarriage of justice if the federal court does not consider the merits of the claims. *Schlup v. Delo*, 513 U.S. 298, 320 (1995).

In his responses to the respondents' answers, Jackson asserts allegations of ineffective assistance of counsel as cause for his procedural defaults occurring on direct appeal and in the Rule 32 proceedings. Based on these assertions of cause, the court required that the respondents file supplemental answers addressing these claims. In their supplemental answers, the respondents argue that the claims of ineffective assistance of counsel are procedurally defaulted because Jackson did not present such claims to the state courts in compliance with requisite state procedural rules. Particularly, with respect to the claim that counsel failed to file an application for rehearing, this claim is procedurally defaulted due to Jackson's failure to appeal the denial of the Rule 32 petition. The remaining claims of

ineffective assistance of counsel are likewise procedurally defaulted because Jackson never presented such claims to the state courts.[2]

Ineffective assistance of counsel will excuse a procedural default if the ineffective assistance claim itself is independently and properly raised. *See Murray v. Carrier*, 477 U.S. 478 (1986); *Footman v. Singletary*, 978 F.2d 1207 (11th Cir. 1992). However, Jackson failed to raise his claims of ineffective assistance of counsel in the state courts in accordance with the State's procedural rules. Unless Jackson can satisfy the cause and prejudice standard for his procedurally defaulted ineffective assistance of counsel claims, these claims cannot serve as cause for other procedurally defaulted claims. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Hill v. Jones*, 81 F.3d 1015, 1030 (11th Cir. 1996).

In order for a habeas petitioner to demonstrate cause for his defaults, he must establish that an objective impediment, not of his own making, denied him the opportunity of properly presenting his claims to the state courts. *McCoy v. Newsome*, 953 F.2d 1252, 1260 (11th Cir. 1992). Jackson has presented nothing to this court which establishes cause for his failure to raise the claims of ineffective assistance of counsel independently and properly in the state courts. Thus, these claims cannot constitute cause necessary to excuse Jackson's procedural

---

[2] Jackson's claims that counsel filed the Rule 32 petition without his authorization and failed to inform him that this state post-conviction action had been filed are refuted by the record. Specifically, the trial court issued an order requiring that Jackson be transported from prison to the September 27, 2002 hearing on the Rule 32 petition. The order issued by the trial court in denying the Rule 32 petition establishes that Jackson attended this hearing. *See Respondents' Exhibit F* at 17 - *October 10, 2002 Order* at 1. Moreover, in his federal habeas petition, Jackson acknowledges the filing of a "Rule 32 post-conviction petition" in the "Houston County Circuit Court" and advises that the state court summarily denied this petition on "October 10, 2002." *Petition for Writ of Habeas Corpus Relief* at 3.

defaults on his substantive claims for relief.

The court has thoroughly reviewed the responses submitted by Jackson. In these documents, Jackson has demonstrated neither cause for his failure to present his federal habeas claims to the state courts in compliance with applicable procedural rules nor the existence of actual prejudice emanating from infringement of federal law. Nevertheless, this court may still reach the merits of his defaulted claims in order to prevent a fundamental miscarriage of justice.

The miscarriage of justice standard is directly linked to innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). Innocence is not an independent claim; rather, it is the "gateway" through which a petitioner must pass before a court may consider constitutional claims which are defaulted. *Id.* at 315. This exception applies where a petitioner establishes that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *Schlup v. Delo*, *supra*. "To establish actual innocence, [a habeas petitioner] must demonstrate that . . . 'it is more likely than not that no reasonable juror would have convicted him.' *Schlup v. Delo*, 513 U.S. 298, 327-328, 115 S.Ct. 851, 867-868, 130 L.Ed.2d 808 (1995)." *Bousley v. United States,* 523 U.S. 614, 623 (1998). "It is important to note in this regard that 'actual innocence' means factual innocence, not mere legal insufficiency. *See Sawyer v. Whitley*, 505 U.S. 333, 339, 112 S.Ct. 2514, 2518-2519, 120 L.Ed.2d 269 (1992)." *Id.* at 623-624.

*Schlup* observes that

> a substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. . . . To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial.

513 U.S. at 324.

Jackson has failed to make the requisite showing of actual innocence. He has presented no evidence nor suggested that any exists which could satisfy the standard set forth in *Schlup*. Consequently, Jackson's procedurally defaulted claims are foreclosed from federal habeas review.

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief filed by Leo Jackson be denied and that this case be dismissed with prejudice. It is further

ORDERED that on or before April 12, 2005 the parties shall file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 30th day of March, 2005.

**/s/ Delores R. Boyd**
DELORES R. BOYD
UNITED STATES MAGISTRATE JUDGE